Filed 5/25/17

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| JATINDER DHILLON, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S224472 |
| v. | ) | |
| | ) | Ct.App. 1/3 A143195 |
| JOHN MUIR HEALTH et al., | ) | |
| | ) | Contra Costa County |
| Defendants and Appellants. | ) | Super. Ct. No. MSN-13-1353 |
| _____ | ) | |

As a general rule, a litigant may appeal an adverse ruling only after the trial court renders a final judgment. (Code Civ. Proc., § 904.1.) The question in this case concerns the application of this general rule when a trial court has granted a petition for writ of administrative mandamus and remanded the matter for proceedings before an administrative body. The issuance of the writ did not definitively resolve the dispute between the parties, but it did mark the end of the writ proceeding in the trial court. Is the court's order an appealable final judgment? We conclude that it is, and we reverse the contrary judgment of the Court of Appeal.

## I.

Plaintiff Jatinder Dhillon is a thoracic surgeon with clinical privileges at two San Francisco Bay Area hospitals owned and operated by defendant John Muir Health (John Muir). In October 2011, one of Dr. Dhillon's colleagues lodged a complaint against him, claiming that he had been verbally abusive and

1

physically aggressive toward her during an administrative meeting. Dr. Dhillon denied the allegations and requested that John Muir appoint an ad hoc committee of physicians from both hospital campuses to look into the matter. John Muir complied. After an investigation, the committee submitted a report to a joint medical executive committee (MEC) for both hospitals. It concluded that neither Dr. Dhillon nor the complaining doctor had behaved in a professional manner, and it recommended that the two doctors either meet with a mediator to resolve their differences or attend an anger management program. At a joint meeting held in June 2012, the MEC unanimously voted to require both doctors to attend a specified anger management class within eight months.

Dr. Dhillon refused to attend, asserting that the requirement that he participate in the anger management class was "unfounded and unfair." In July 2013, John Muir sent Dr. Dhillon a letter informing him that the MEC had concluded that if he did not attend the class within one month, his clinical privileges would be suspended for "a period of just under 14 full days." Dr. Dhillon requested a hearing with John Muir's judicial review committee (JRC). John Muir replied that Dr. Dhillon was not entitled to such a hearing.

In September 2013, Dr. Dhillon filed a petition for writ of administrative mandamus in the Contra Costa Superior Court, naming John Muir and its board of directors as respondents. As later amended, the petition alleged that John Muir had violated its bylaws by imposing the discipline without a hearing before the JRC. He asked the trial court to order a hearing before the JRC or some other appropriate body, to direct John Muir to vacate its imposition of discipline, to find that John Muir's bylaws "violate due process and are unenforceable where the [resulting] discipline affect[s] the accused Practitioner's clinical reporting and disclosure requirements," to order John Muir not to make disparaging comments

2

about Dr. Dhillon regarding the matter, and to authorize Dr. Dhillon to file suit against John Muir for damages.

The superior court granted the writ petition in part. It concluded that John Muir's bylaws entitled Dr. Dhillon to a hearing before the JRC or another appropriate body and that "he was deprived of . . . due process when John Muir . . . suspended his clinical privileges . . . without providing him a hearing." It issued a peremptory writ directing John Muir to conduct such a hearing. In all other respects the court denied the petition for administrative mandamus.

John Muir filed a notice of appeal. It also filed a petition for writ of mandate and/or prohibition in the Court of Appeal, challenging the trial court's ruling. After soliciting informal opposition from Dr. Dhillon, the Court of Appeal summarily denied the writ petition. On the same day, it issued an order in John Muir's appeal directing the parties to brief the question whether the trial court's order directing John Muir to conduct a hearing was appealable. After reviewing the parties' briefs, the Court of Appeal issued an order dismissing the appeal. The order explained: "The superior court's order remanding the matter to John Muir Health is not a final, appealable order. (See *Board of Dental Examiners v. Superior Court* (1998) 66 Cal.App.4th 1424; see also *Gillis v. Dental Bd. of California* (2012) 206 Cal.App.4th 311, 318.) Furthermore, the order and judgment at issue here are not appealable as a final determination of a collateral matter."

The Court of Appeal's dismissal order deepened a long-standing conflict concerning the appealability of a trial court's order, on a petition for writ of administrative mandamus, remanding the matter for further proceedings before the administrative body. California cases have uniformly held that a trial court's complete denial of a petition for administrative mandamus is a final judgment that may be appealed by the petitioner. (*JKH Enterprises, Inc. v. Department of*

3

*Industrial Relations* (2006) 142 Cal.App.4th 1046, 1056; 8 Witkin, Cal. Procedure (5th ed. 2008) Extraordinary Writs, § 336, p. 1252.)  The cases have also held that a trial court's judgment granting administrative mandamus, and ordering the substantive relief sought by the petitioner, is a final judgment that may be appealed by the respondent agency.  (*Beckley v. Board of Administration etc.* (2013) 222 Cal.App.4th 691, 696, fn. 4; 8 Witkin, Cal. Procedure, *supra*, Extraordinary Writs, § 337, p. 1253.)  In each of these situations, it is clear that " 'no issue is left for future consideration except the fact of compliance or noncompliance with the terms of' " the court's decree.  (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698 (*Griset*), quoting *Lyons v. Goss* (1942) 19 Cal.2d 659, 670.)  California courts have, however, divided over whether the same is true of a trial court's order that does not grant substantive relief, but instead remands the cause for further proceedings before the administrative agency.

In one line of cases, on which the Court of Appeal in this case relied, courts have stated that a trial court's order on administrative mandamus remanding the matter for further administrative proceedings is not an appealable final judgment. (*Gillis v. Dental Bd. of California*, *supra*, 206 Cal.App.4th at p. 318; *Village Trailer Park, Inc. v. Santa Monica Rent Control Bd.* (2002) 101 Cal.App.4th 1133, 1139-1140; *Bolsa Chica Land Trust v. Superior Court* (1999) 71 Cal.App.4th 493, 501-502; *Board of Dental Examiners v. Superior Court*, *supra*, 66 Cal.App.4th at p. 1430.)  These cases contain no substantive reasoning to support that conclusion. Furthermore, in none of these cases did the court's conclusion affect the result,

4

because in each case the Court of Appeal elected to treat the appeal as a petition for extraordinary writ and considered the matter on the merits.[1]

In another line of cases, courts have stated that a trial court's order on administrative mandamus remanding the matter for further administrative proceedings is appealable. (*Quintanar v. County of Riverside* (2014) 230 Cal.App.4th 1226, 1232; *Carson Gardens, L.L.C. v. City of Carson Mobilehome Park Rental Review Bd.* (2006) 135 Cal.App.4th 856, 866; *City of Carmel-by-the-Sea v. Board of Supervisors* (1982) 137 Cal.App.3d 964, 970; *Carroll v. Civil Serv. Comm'n* (1970) 11 Cal.App.3d 727, 733.) But as with the line of decisions concluding that a remand order on administrative mandamus is not appealable, these decisions contain little or no reasoning.

We granted review to resolve this division of authority.

## II.

The administrative mandamus statute, Code of Civil Procedure section 1094.5, authorizes judicial review of final administrative decisions resulting from hearings that are required by law. In determining whether to grant a writ of administrative mandamus, the trial court is instructed to consider "whether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion." (*Id.*, subd. (b).)

In general, an adverse ruling in a judicial proceeding is appealable once the trial court renders a final judgment. (Code Civ. Proc., § 904.1, subd. (a);

---

[1] In an opinion not cited by the Court of Appeal in this case or by any of the authorities on which that court relied, *Kumar v. National Medical Enterprises, Inc.* (1990) 218 Cal.App.3d 1050 (*Kumar*) reached a somewhat similar conclusion about appealability based on a more thorough discussion of the question. We discuss *Kumar* at footnote 4, *post*.

*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 740-741.)  This general rule applies equally in administrative mandamus proceedings.  An application for a writ of administrative mandamus is a "special proceeding of a civil nature" governed by the provisions of part 3 of the Code of Civil Procedure.  A final judgment in a special proceeding is appealable unless a statute expressly prohibits the appeal (*Knoll v. Davidson* (1974) 12 Cal.3d 335, 343; see also Code Civ. Proc., § 904.1), and the parties do not suggest that any such statute would bar the appeal in this case.

The question before us is therefore whether the trial court's order in this case was a final judgment.  We have previously recognized that a judgment is final, and therefore appealable, " ' "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." ' " (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304, quoting *Doudell v. Shoo* (1911) 159 Cal. 448, 453.)  " 'It is not the form of the decree but the substance and effect of the adjudication which is determinative.  As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' " (*Griset*, *supra*, 25 Cal.4th at p. 698; see also *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.)  "We have long recognized a 'well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules." ' " (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.)

6

As the cases make clear, the proper application of these principles depends, to a certain degree, on the circumstances of the case. This is as true in the administrative mandamus context as it is elsewhere. As the United States Supreme Court has noted, there is "great variety" in judicial remands to administrative bodies, "reflecting in turn the variety of ways in which [administrative] action may be challenged in the [trial] courts and the possible outcomes of such challenges." (*Sullivan v. Finkelstein* (1990) 496 U.S. 617, 623 (*Finkelstein*).) In *Finkelstein*, the high court considered whether the Secretary of Health and Human Services was entitled to an immediate appeal of a trial court order remanding a disability benefits claim for reconsideration, absent reliance on an agency regulation the court had effectively declared invalid. In answering the question, the high court made clear that the question presented was not "the broad question whether remands to administrative agencies are always immediately appealable," but instead whether the nature of the particular remand order at issue rendered it a final and appealable judgment. (*Ibid.*) The high court held that the order was a final judgment within the meaning of relevant federal statutes, both because it set aside the secretary's decision that the claimant was not entitled to benefits and "finally decided that the Secretary could not follow his own regulations" in considering the issue (*id.* at p. 625), and because the secretary might have no later opportunities to seek review of the order (*ibid.* ["[S]hould the Secretary on remand undertake the inquiry mandated by the District Court and award benefits, there would be grave doubt . . . whether he could appeal his own order."]).

Like the high court in *Finkelstein*, we do not here undertake to answer "the broad question whether remands to administrative agencies are always immediately appealable." (*Finkelstein*, *supra*, 496 U.S. at p. 623.) Instead, focusing on the nature of the particular remand order before us, similar

7

considerations lead us to conclude that the superior court's order partially granting Dr. Dhillon's writ petition was an appealable final judgment.[2]

In its order, the superior court either granted or denied each of Dr. Dhillon's claims. Agreeing with Dr. Dhillon's reading of John Muir's bylaws, the trial court set aside the discipline John Muir had imposed and remanded with instructions to hold a hearing before the JRC or another appropriate body. The court did not reserve jurisdiction to consider any issues. (Cf. *City of Los Angeles v. Superior Court* (2015) 234 Cal.App.4th 275, 280 [judgment not final when trial court ordered new administrative hearing while holding petitioner's application for administrative mandamus " 'in abeyance' "]; *Ng v. State Personnel Bd.* (1977) 68 Cal.App.3d 600, 604 [remand to the State Personnel Board not appealable when trial court retained "continuing jurisdiction to review the personnel board's final decision rendered after compliance with the interlocutory order"].) Thus, as a formal matter, once the trial court issued the writ, nothing remained to be done in that court; no issue is now left for the court's " 'future consideration except the fact of compliance or noncompliance with the terms of the first decree.' " (*Griset*, supra, 25 Cal.4th at p. 698; see also *Belt v. Davis* (1850) 1 Cal. 134, 138 ["by a final judgment is to be understood, not a final determination of the rights of the parties, but merely of the particular suit"].)[3]

---

[2]  To the extent that *Gillis v. Dental Bd. of California*, supra, 206 Cal.App.4th at page 318; *Village Trailer Park, Inc. v. Santa Monica Rent Control Bd.*, supra, 101 Cal.App.4th at pages 1139-1140; *Bolsa Chica Land Trust v. Superior Court*, supra, 71 Cal.App.4th at pages 501-502; and *Board of Dental Examiners v. Superior Court*, supra, 66 Cal.App.4th page 1430 may be read as stating a categorical rule that a trial court's remand order in an administrative mandamus proceeding is never appealable, those decisions are disapproved.

[3]  Dr. Dhillon argues that the trial court's order here was not a final judgment because it was not a "judgment" as that term is defined by subdivision (f) of Code of Civil Procedure section 1094.5, which states: "The court [in an administrative

*(Footnote continued on next page.)*

Moreover, as a practical matter, unless John Muir has a right of immediate appeal, the trial court's interpretation of its bylaws may effectively evade review. If Dr. Dhillon prevails at the JRC hearing, the bylaws provide for an internal appellate process whereby Dr. Dhillon or the MEC may seek review of the JRC's decision. But John Muir's internal appeal board cannot overturn the superior court's determination that Dr. Dhillon was entitled to the JRC hearing in the first place. If the administrative proceedings are again ultimately resolved adversely to Dr. Dhillon, John Muir would have no basis for seeking review of the decision.

---

*(Footnote continued from previous page.)*

mandamus action] shall enter judgment either commanding respondent to set aside the order or decision, or denying the writ. Where the judgment commands that the order or decision be set aside, it may order the reconsideration of the case in light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law, but the judgment shall not limit or control in any way the discretion legally vested in the respondent." Dr. Dhillon reasons that under this provision, a court adjudicating an administrative mandamus petition may issue only three kinds of judgments: (1) it may command the respondent to set aside the order or decision; (2) it may deny the writ, or (3) it may command the respondent to set aside the order or decision and reconsider the case, taking further action as required. Here, he asserts, the trial court's order fell into none of these categories.

Assuming that subdivision (f) of Code of Civil Procedure section 1094.5 defines a "judgment" for the purposes of determining whether an order in an administrative mandamus proceeding is an appealable final judgment, Dr. Dhillon's argument nevertheless lacks merit. Although the order did not explicitly set aside the discipline imposed on Dr. Dhillon, that consequence was implicit in the trial court's determination that Dr. Dhillon was entitled to further administrative proceedings before he could be disciplined. By commanding John Muir to conduct those proceedings, the trial court necessarily set aside John Muir's order imposing the discipline. (See *Griset*, *supra*, 25 Cal.4th at p. 698 [" 'It is not the form of the decree but the substance and effect of the adjudication which is determinative.' "].)

Thus, if Dr. Dhillon chose not to seek mandamus review, that would be the end of the matter.[4]

---

[4] Federal courts have similarly held that a federal district court's order remanding a matter to an administrative agency is appealable when the order is effectively unreviewable after resolution of the merits of the controversy. (E.g., *Chugash Alaska Corp. v. Lujan* (9th Cir. 1990) 915 F.2d 454, 457 [an exception to the general rule that remand orders are not final applies when "(1) the district court conclusively resolves a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable"]; see also, e.g., *Rush University Medical Center v. Leavitt* (7th Cir. 2008) 535 F.3d 735, 738 ["Unless the issues can be addressed in court while the agency deals with the remand, they might never be open to appellate review. That makes the district judge's decision effectively final. . . . The sort of remand ordered by the district judge is one that might well conclude without a return to court, so the decision is appealable."].) Although principles of finality under federal and California law may not be coextensive, these decisions reinforce our conclusion that practical unreviewability is a relevant consideration in determining whether a remand order is a final and appealable judgment.

This practical consideration distinguishes this case from *Kumar*, *supra*, 218 Cal.App.3d 1050. In *Kumar*, as in this case, a doctor challenged the suspension of his hospital privileges in a petition for writ of administrative mandamus, and the trial court granted the petition in part: It set aside the decision by the hospital's governing board upholding the doctor's suspension and remanded the matter for further administrative proceedings, but it did not reinstate the doctor's privileges. The doctor appealed. The Court of Appeal dismissed the appeal, holding that the judgment was not appealable because the doctor was first required to exhaust his administrative remedies. (*Id.* at pp. 1054-1057.) But the doctor in *Kumar*, unlike John Muir, would have had a later opportunity to raise an appellate challenge to the hospital's discipline if he did not prevail in the administrative hearing: He could file a second petition for administrative mandamus, and if the trial court ruled against him, he could appeal from the denial of his petition. Here, John Muir has no comparable guarantee of future opportunities to raise its challenge to the trial court's conclusion that its bylaws require it to hold a JRC hearing before imposing disciplinary measures. Thus, whether or not *Kumar* was correctly decided (a question we need not decide here), it is distinguishable on its facts.

# III.

Dr. Dhillon argues that even if the trial court's remand order was an appealable final judgment, John Muir has already received the functional equivalent of an appeal. He explains that following the trial court's order, John Muir filed a writ petition challenging the trial court's remand order, with respect to which the Court of Appeal issued a *Palma* notice (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-180) and ordered Dr. Dhillon to file informal opposition before summarily denying the petition. This denial, Dr. Dhillon argues, reflects a careful consideration of the merits by the appellate court. (See *James B. v. Superior Court* (1995) 35 Cal.App.4th 1014, 1018, fn. 3 ["We hasten to dispel the bar's common misconception that a summary denial of a writ petition suggests summary consideration. The Courts of Appeal review and evaluate the hundreds of petitions filed each year in each appellate district. The merits of these petitions are fully examined."].) Dr. Dhillon notes that when a Court of Appeal rules on a writ petition, it is exercising its appellate jurisdiction. (*Leone v. Medical Board* (2000) 22 Cal.4th 660, 668 ["a reviewing court may exercise appellate jurisdiction . . . by an extraordinary writ proceeding"].) Dr. Dhillon reasons that John Muir therefore "*did* get a full and fair opportunity to present its arguments to the Court of Appeal" and it "*has* obtained appellate review of the trial court's remand order."

Dr. Dhillon's argument confuses the Court of Appeal's exercise of jurisdiction in a writ proceeding with appellate review of a final judgment under Code of Civil Procedure section 904.1. There are important differences between the two. Although a Court of Appeal exercises its constitutionally authorized appellate jurisdiction when it considers a writ petition, a party appealing a final judgment has certain rights not provided to parties seeking relief by means of an

11

extraordinary writ. A Court of Appeal, for example, may summarily deny a writ petition, but it may resolve an appeal only by an opinion "in writing with reasons stated." (Cal. Const., art. VI, § 14.) An appealing party also has the right to oral argument — a right we have described as conferring a "chance to make a difference in result" that is "extremely valuable to litigants." (*Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 872; see Cal. Const., art. VI, § 3; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1253-1255.) Furthermore, "a petition for a writ of mandate may be dismissed if the plaintiff has an alternate 'plain, speedy, and adequate remedy, in the ordinary course of law.' " (*Villery v. Department of Corrections & Rehabilitation* (2016) 246 Cal.App.4th 407, 410; *Powers v. City of Richmond* (1995) 10 Cal.4th 85, 113 ["Mandate is available to review an appealable judgment only when the remedy by appeal would be inadequate or the issues presented are of great public importance and must be resolved promptly. [Citations.] A remedy by immediate direct appeal is presumed to be adequate, and a party seeking review by extraordinary writ bears the burden of demonstrating that appeal would not be an adequate remedy under the particular circumstances of that case."]; *Phelan v. Superior Court* (1950) 35 Cal.2d 363, 366.) Because a mandate petition may be denied on this procedural ground, an order by a Court of Appeal denying such a petition, even after issuance of a *Palma* notice, does not necessarily demonstrate that the court has resolved the merits of the petition adversely to the petitioning party. For all of these reasons, the Court of Appeal's consideration of the writ petition could not have afforded John Muir the functional equivalent of the appeal to which it is entitled under Code of Civil Procedure section 904.1.

12

## DISPOSITION

We reverse the order of the Court of Appeal dismissing John Muir's appeal, and we remand the matter to that court with directions to reinstate the appeal.


**KRUGER, J.**


**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**WERDEGAR, J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Dhillon v. John Muir Health

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding** XXX
**Review Granted**
**Rehearing Granted**

_____

**Opinion No.** S224472
**Date Filed:** May 25, 2017

_____

**Court:** Superior
**County:** Contra Costa
**Judge:** Laurel S. Brady

_____

**Counsel:**

Horvitz & Levy, David S. Ettinger, H. Thomas Watson; DiCaro, Coppo & Popcke, Carlo Coppo, Michael R. Popcke, Shelley A. Carder; Hooper, Lundy & Bookman and Ross E. Campbell for Defendants and Appellants.

Manatt, Phelps & Phillips, Barry S. Landsberg, Doreen W. Shenfeld and Joanna S. McCallum for Dignity Health as Amicus Curiae on behalf of Defendants and Appellants.

Procopio, Cory, Hargreaves & Savitch and Richard D. Barton for Medical Staff of Sharp Healthcare as Amicus Curiae on behalf of Defendants and Appellants.

Jay-Allen Eisen Law Corporation, Jay-Allen Eisen, Jan T. Chilton, Dennis A. Fischer, Lisa R. Jaskol, Robin B. Johansen and Robin Meadow for California Academy of Appellate Lawyers as Amicus Curiae on behalf of Defendants and Appellants.

The Minnard Law Firm, Carla V. Minnard; The Arkin Law Firm and Sharon J. Arkin for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

David S. Ettinger
Horvitz & Levy
3601 West Olive Avenue, 8th Floor
Burbank, CA  91505-4681
(818) 995-0800

Sharon J. Arkin
The Arkin Law Firm
225 S. Olive Street, Suite 102
Los Angeles, CA  90012
(541) 469-2892