Filed 9/21/20 P. v. Arce CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEPHANIE ARCE,<br><br>    Defendant and Appellant. | A158967<br><br>(Marin County<br>Super. Ct. No. SC208641A) |

Defendant and appellant Stephanie Arce appeals from an order modifying the terms and conditions of her probation to add a drug testing condition. She contends the condition must be stricken because no changed circumstances justify the modification. We agree and reverse the order.

## I. BACKGROUND

While working as a medical assistant at a neurology clinic, appellant stole prescription pads, forged the signature of the doctor she worked for, and wrote oxycodone prescriptions for an "Angela Garcia." She pled guilty to forging and issuing a prescription. (Health & Saf. Code, § 11368.)

A sentencing hearing was held October 17, 2019, and appellant was placed on felony probation for three years subject to various terms and conditions. The conditions included a search term, a requirement that she not consume any nonprescribed substances without the court's permission, a requirement that she participate in any treatment or therapy ordered by the probation department, and a requirement that she obey all laws.

On November 14, 2019, a hearing was held on a request by the probation department to modify probation to include a drug testing condition. Defense counsel objected and noted that although this case involved the potential possession of prescription medications, there was no showing appellant ever had a drug problem or that the use of intoxicants was what led to her criminality. The probation department responded that the lack of a drug testing condition "was just an overlook at the time of sentencing." The court noted that appellant had tested clean for 11 months on a previous grant of probation and that she did not report any significant drug or alcohol history. Although indicating that the defense objection was "very reasonable," it found a basis for the drug testing condition and ordered her probation modified to include it.

## II. DISCUSSION

" '[A] condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.' " (*In re Ricardo P.* (2019) 7

Cal.5th 1113, 1118, quoting *People v. Lent* (1975) 15 Cal.3d 481, 486.) Although appellant argues that a drug testing condition was not reasonably related to the crime of which she was convicted or to future criminality because her personal history does not include a drug problem, we assume without deciding that given the nature of the offense, the trial court could have imposed drug testing as a condition of appellant's original probation. However, due to inadvertence, a drug testing condition was not imposed. This precipitated the probation department's request to modify the terms and conditions of appellant's probation to add a drug testing condition.

"A court may revoke or modify a term of probation at any time before the expiration of that term." (*People v. Cookson* (1991) 54 Cal.3d 1091, 1095 (*Cookson*), citing Pen. Code, § 1203.3.) But "a change in circumstances is required before a court has jurisdiction to extend or otherwise modify probation." (*Cookson*, at p. 1095.) " 'An order modifying the terms of probation *based on the same facts* as the original order granting probation is in excess of the jurisdiction of the court, for the reason that there is no factual basis to support it.' " (*Ibid.* at p. 1095; see also *People v. Medeiros* (1994) 25 Cal.App.4th 1260, 1263.)

The only change in circumstances between appellant's sentencing hearing and the probation department's request for modification was the discovery that the department had failed to request, and the trial court had failed to impose, a drug testing condition. The department did not assert that appellant had

3

violated any originally imposed term or condition, nor did it offer any other new fact showing a change in circumstances. It simply claimed a drug testing condition would be helpful in enforcing the original terms and conditions.

The People contend the trial court's belated awareness that it failed to impose a drug testing condition at the time of sentencing constituted a change in circumstances, citing *Cookson*, *supra*, 54 Cal.3d 1091. In *Cookson*, the trial court placed the defendant on three years' probation on the condition that he pay restitution as determined by the probation department. (*Id.* at p. 1093.) The department determined total restitution to be $12,000 and ordered the defendant to make monthly payments over the course of his probation, but although the defendant made all these payments, at the end of three years he had paid only part of the restitution owing because the department had miscalculated the payment schedule. (*Ibid.* & fn. 3.)

The trial court granted the department's motion to extend probation for two years to secure the defendant's full payment of restitution. (*Cookson*, *supra*, 54 Cal.3d at p. 1094.) The Supreme Court upheld the modification on the ground the lower courts had "correctly determined that a change in circumstance could be found in a fact 'not available at the time of the original order,' namely, 'that setting the pay schedule consistent with defendant's ability to pay had resulted in defendant's inability to pay full restitution as contemplated within the original period of probation.' " (*Id.* at p. 1095.) It was not the court's discovery that authorities had miscalculated the defendant's restitution

4

payment schedule that constituted the change of circumstances. The change was the miscalculation itself and the defendant's inability to make full restitution before the end of the probationary period. Those circumstances arose after the court had granted probation and were facts not available when probation was first granted.

Here, respondent does not argue the drug testing condition was mandatory or that its omission at the time the court originally granted probation resulted in an unauthorized sentence. (*People v. Cates* (2009) 170 Cal.App.4th 545, 549 [failure to impose mandatory probation condition was unauthorized sentence that can be corrected at any time].) There was no change in circumstances or failure to comply with the terms originally imposed. On the record before us, the trial court erred in modifying the terms and conditions of appellant's probation to include a drug testing condition.

We have considered whether the imposition of the drug testing condition can be affirmed as a nunc pro tunc order. It cannot, because "a nunc pro tunc order is generally limited to correcting clerical errors" and "cannot declare that something was done which was not done." (*People v. Borja* (2002) 95 Cal.App.4th 481, 487 [jail time imposed as condition of probation cannot be reduced nunc pro tunc from 365 days to 364 days].) " 'The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered." ' " (*People v. Kim* (2012) 212 Cal.App.4th 117, 124.) This is not a situation where, for example,

5

the court imposed the drug testing condition, but the clerk forgot to write it down.

We note that one of the original terms of probation required appellant to participate in any treatment or therapy ordered by the probation department.  Should the probation department order participation in a program that requires drug testing as a component, nothing in our opinion should be construed to limit her participation in that program or in the drug testing.

### III.    DISPOSITION

The order modifying the terms and conditions of appellant's probation is reversed and the drug testing condition is ordered stricken.

_____
NEEDHAM, J.

We concur.


_____
JONES, P.J.


_____
SIMONS, J.


*People v. Arce* / A158967