Filed 11/4/20  Staine v. Board of Civil Service Commissioner CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| RUPERT STAINE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>BOARD OF CIVIL SERVICE COMMISSIONER et al.,<br><br>    Defendants and Respondents. | B295515<br><br>(Los Angeles County<br>Super. Ct. No. BS171872) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge.  Affirmed.

Mastagni Holstedt, Ian B. Sanster, Melissa M. Thom, Howard A. Liberman and Joel M. Weinstein for Plaintiff and Appellant.

Christina L. Checel and Elizabeth Greenwood, City Attorneys, for Defendants and Respondents.

## INTRODUCTION

Rupert Staine appeals from the trial court's judgment denying his second petition for writ of administrative mandamus. He argues the trial court committed a series of prejudicial errors which effectively denied him an opportunity to challenge the findings made by the Board of Civil Service Commissioners in its decision.

We conclude the trial court did not err and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Factual Background*

Staine was employed by the Department of Airports of the City of Los Angeles (Department) in the capacity of Airport Police Officer III and K-9 Officer.  The Department received a complaint from witnesses who alleged Staine committed battery[1] against a female and exhibited his firearm in a threatening manner while off duty; the Department initiated an internal affairs investigation.

On September 22, 2014, the Department issued its notice of intent listing five allegations against Staine.  The notice proposed termination of employment.  On October 8, 2014, the Department served Staine with the notice.  On November 18, 2014, a *Skelly*[2] hearing was held, where Staine (represented by counsel) had the

---

[1]    Staine "grabbed" the victim, "threw her against a wall," and "brandished his gun"; he told her he was an officer during the incident.

[2]    *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194.

2

opportunity to respond to the charges and argue mitigation of the proposed penalty.

The Department found the allegations true, and on February 23, 2015 served Staine with a notice of discharge, effective immediately. Staine appealed the notice of discharge and requested a hearing.

B.      *Administrative Proceeding and Board's Decision*

The administrative hearing took place on June 29 and 30, August 3 and 4, and September 22, 2015, before a hearing examiner of the Board of Civil Service Commissioners for the City of Los Angeles (Board). The Board "is empowered to rule on the merits of disciplinary actions imposed by the Department." Staine testified at the hearing. On November 5, 2015, the hearing examiner issued a 43-page Report[3], finding true each of the five allegations against Staine. The examiner concluded the Department had met its burden of proving the allegations against Staine. The examiner found the Department was "within its rights to discharge Staine."

On January 28, 2016, the Board held a hearing and reviewed the Hearing Examiner's Report. Without expressly adopting the hearing examiner's findings, the Board adopted the recommendation of the hearing examiner, found discharge was appropriate, and upheld the Department's decision to terminate Staine from employment.

Staine filed a demand for reinstatement; the Board denied his request.

---

[3]     We interchangeably refer to the 43-page report as the Report or Hearing Examiner's Report throughout the opinion.

3

C.    *First Petition for Writ of Administrative Mandamus*

On April 27, 2016, Staine filed a petition for writ of administrative mandamus (First Writ Petition) challenging the Department's and Board's (collectively, Respondents') decisions, pursuant to Code of Civil Procedure[4] section 1094.5.  He disputed and denied "all adverse findings against him."  He alleged Respondents abused their discretion:  1) "by imposing and sustaining *severe and unconscionable punishment* based upon [Staine's] alleged conduct"; 2) "because their decisions are *not supported by the evidence* in light of the whole record"; and 3) "because their decisions are *not supported by the findings*." (Italics added.)

Staine argued the Board's decision was not supported by any factual findings it had independently made or had adopted from the Hearing Examiner's Report, in violation of *Topanga Assn. for a Scenic Community v. County of Los Angeles* (1974) 11 Cal.3d 506 (*Topanga*).[5]  He requested the court set aside or vacate the Board's decision, reinstate his position as an Airport Police Officer III and K-9 Officer "with full back pay, interest on the back pay, benefits," and award him reasonable attorney fees and costs.

---

[4]    All further undesignated statutory references are to the Code of Civil Procedure.

[5]    *Topanga* requires the Board to "set forth findings to bridge the analytic gap between the raw evidence and ultimate decision or order." (*Topanga*, *supra*, 11 Cal.3d at p. 515.)  This enables the trial court to scrutinize the record to determine whether substantial evidence supports the Board's findings and whether the Board's findings support the Board's action.  (*Id*. at p. 510.)

4

On May 3, 2017, the trial court issued a lengthy written order, granting in part and denying in part Staine's First Writ Petition. It found the Board's decision violated *Topanga* because it "failed to adopt the factual findings in the Hearing Examiner's Report or make separate findings. The remedy for this violation is to remand the case to the Board to make the required findings." The trial court issued a writ of mandate remanding the matter to the Board, with instructions to hold such further proceedings as necessary to adopt the factual findings in the Hearing Examiner's Report or make separate findings consistent with the requirements of *Topanga*.

The trial court's written order did not end there, however, as it provided four more pages of "analysis assum[ing] that the Board either adopts the Hearing Examiner's findings or makes its own." The trial court's order then reviewed and affirmed the findings in the Hearing Examiner's Report on credibility and use of force, denied Staine's laches defense, and found the penalty of discharge was appropriate. Based on the foregoing, the court denied the petition "[i]n all other respects." No final judgment was issued after the remand order.

D. *Board's Amended Decision*

On September 28, 2017, the Board held a hearing "to respond to the May 3, 2017 order . . . commanding it make findings in support of its January 28, 2016 decision . . . and to render a decision consistent with its obligations under [*Topanga*] without taking additional evidence." The Board's president described the issue on remand as "more a ministerial issue" that the Board neglected to formally adopt the Hearing Examiner's Report and findings.

5

During the hearing, Respondents argued the Board's duty "was simply to adopt the Hearing Officer's recommendation or provide its own rationale for why the charges were sustained and bridge the analytical gap required by *Topanga*." Staine argued "separate findings may be appropriate" and that he could provide the Board with "a separate analysis leading to separate findings by the Board."

The Board unanimously voted to adopt the findings from the Hearing Examiner's Report "as its own." This amended decision was served on the parties on September 29, 2017; the Board then filed and served a return on the administrative writ.

E.       *Second Petition for Writ of Administrative Mandamus*

On December 27, 2017, Staine filed a second petition for writ of administrative mandamus (Second Writ Petition) "to remedy errors in the Amended Decision." He once more "dispute[d] and denie[d] all adverse findings against him." He alleged the Board abused its discretion:  1) "by imposing and sustaining *severe and unconscionable punishment in the Amended Decision* based upon [Staine's] alleged conduct"; 2) "because their decisions, including the Amended Decision, are *not supported by the evidence* in light of the whole record"; 3) "because their decisions, including the Amended Decision, are *not supported by the findings*." (Italics added.)  Importantly, Staine did not challenge whether the Board lawfully complied with the trial court's previous order; instead he challenged the merits of the Board's findings, as he had challenged the hearing examiner's findings in the First Petition. Because the Board adopted the hearing examiner's findings, the two sets of findings were identical. As he had in the First Writ Petition, Staine asked the court to review the merits and set aside and/or vacate the

6

Board's amended decision, reinstate his position with the Department with full back pay and interest, and award him reasonable attorney fees and costs.

F.    *Respondents' Demurrer to Staine's Second Writ Petition*

On April 16, 2018, Respondents demurred to Staine's Second Writ Petition, contending it was barred by res judicata because the court "entered a final judgment" in the prior writ petition proceeding, the prior action was "between the same parties" and involved the "same allegations" and "same prayer for relief" as Staine's First Writ Petition.

Prior to the May 22, 2018 hearing on Respondents' demurrer, the trial court issued its tentative decision sustaining the demurrer without prejudice.  The tentative provided the following analysis:

1) The "same parties" (Staine, the Board, and the Department) were involved in both actions.

2) Both writ petitions are based on the "same primary right"—i.e. Staine's "right to be free from all injuries arising from an allegedly wrongful discharge imposed by the Board"—and thus "must be viewed as alleging the same cause of action."

3) Because Staine had raised both the *Topanga* issue and issues as to the merits of the charges and penalty imposed in his First Writ Petition, the court's May 3, 2017 written order addressed "both *Topanga* and the merits."  The court's May 3, 2017 "written decision analyzed the issues raised in the Hearing Officer's findings based on an assumption that the Board may adopt them."  The court's "non-*Topanga* conclusions would have meaning if the Board adopted the Hearing Officer's findings." The Board adopted the hearing officer's findings on remand, "thereby removing the condition from the court's decision."

7

At the May 22, 2018 hearing on Respondents' demurrer, the trial court provided its reasoning: "There was a previous case heard by me in which I ruled and granted the petition on *Topanga* grounds, remanded to the Board to make findings. And then I assume that if the Board made findings consistent with the hearing officer, a certain analysis would apply. [¶] To me, that is—a conditional evaluation. That is, I decided the merits on the condition that the Board adopted the hearing officer's finding. If the Board did not adopt the hearing officer's finding, the condition was not satisfied; and then my opinion on everything would be advisory in nature. [¶] But, in fact, the Board did adopt the hearing officer's findings. As a result, the condition was removed; and my analysis applied."

The court sustained the demurrer with leave to amend, and concluded: "Because the court denied Staine's claims in the Prior Lawsuit in all respects except for the Board's failure to adopt findings, Staine is limited in this new mandamus lawsuit to a claim that the Board's adoption of findings was procedurally deficient or that the findings do not support its decision. Staine may not relitigate the weight of the evidence on the charges of assault, brandishing a weapon, . . . credibility, laches, the appropriate discipline, or any other issue" raised by way of his First Writ Petition. Thus, according to the trial court, the only issues left open after the court sustained the demurrer was whether the Board's adoption of findings was procedurally deficient and whether its findings supported its decision. However, because the Board adopted the findings of the hearing examiner and the trial court had previously ruled that those findings supported the Board's decision, under the trial court's analysis, there was but one single question to decide: whether

8

the Board lawfully complied with the trial court's order that it state its own findings or adopt the findings of the hearing examiner. And although given leave to do so, Staine did not amend his Second Writ Petition to add such a challenge to the Board's amended findings.

G.     *Hearing and Ruling on Staine's Second Writ Petition*

On November 27, 2018, the trial court denied Staine's Second Writ Petition. The court explained it had provided the Board with the option, on remand, to adopt the findings of the Hearing Examiner's Report or to make its own findings. The court explained Staine was thus entitled to argue to the Board— based on *evidence already presented*—that it should not rely on the hearing examiner's findings and instead, make different findings and reach a different decision. The Board "had discretion to change its mind and grant Staine relief. *It did not, however, have the discretion to consider new evidence.* Where there has been an opportunity to present evidence on an issue in an administrative hearing, a party is not entitled to present new evidence on remand." (Italics added.)

On December 4, 2018, the judgment was issued, denying the writ and affirming the findings of the Board.

This appeal followed.

## DISCUSSION

Staine sought a writ of administrative mandamus under section 1094.5, which "structures the procedure for judicial review of adjudicatory decisions rendered by administrative agencies." (*Topanga, supra*, 11 Cal.3d at p. 514.) A petition for a writ of mandate presents the trial court with the question "whether the respondent [i.e., the administrative agency, board,

9

department] has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion.  Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence." (§ 1094.5, subd. (b); see *Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 810.)

Application of the doctrine of res judicata is a legal issue subject to independent review.  (*Jenkins v. County of Riverside* (2006) 138 Cal.App.4th 593, 618.)

A.     *The Conditional Judgment*

Staine contends the trial court committed two prejudicial errors.  First, he contends the trial court prejudicially erred when it remanded the First Writ Petition back to the Board without also setting aside the Board's prior decision, in violation of section 1094.5, subdivision (f).  He maintains he is unaware how the trial court "could decide a matter on the merits without the factual findings required by *Topanga*" and argued the court had "no legal authority supporting [its] cart-before-the-horse procedural approach" via its May 3, 2017 order.

We reject Staine's first argument.  Section 1094.5, subdivision (f) provides:  "*The court shall enter judgment either commanding respondent to set aside the order or decision, or denying the writ.*  Where the judgment commands that the order or decision be set aside, it may order the reconsideration of the case in light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law, but *the judgment shall not limit or control in any way the discretion legally vested in the respondent.*" (§ 1094.5, subd. (f), italics added.)

10

This statute does not prohibit conditional judgments. Addressing the First Writ Petition, the trial court issued an order denying the petition conditioned on the Board adopting the hearing examiner's factual findings. The court thoroughly analyzed the evidence and the issues which Staine's petition raised. Issuing a conditional judgment was an efficient way to approach adjudication, particularly in light of Staine's request that the trial court review the Board's decision for substantial evidence. Staine cites no authority and we have found none that prohibits the trial court from proceeding in this fashion. We find no abuse of discretion. (See *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1148 [issuing conditional judgment in the context of a motion for relief from default is within the trial court's discretion.].)

Staine contends the court's additional analysis (conditional upon the Board' adopting the hearing examiner's findings) was "anticipatory non-binding dicta" that was merely advisory. We disagree. The trial court had decided the merits on the condition that the Board adopt the hearing officer's findings. Had the Board not adopted the hearing examiner's findings, the condition precedent would not have been satisfied, and the court's additional analysis would have remained advisory in nature. This, however, did not occur.

Staine next argues the court's "dicta apparently made the Board believe it had no discretion on remand", in violation of section 1094.5, subdivision (f). He contends the Board "interpreted the Judge's opinion as a *command* by the Judge to the Board to adopt the findings on the record '*without taking additional evidence,*' " which lead the Board to merely "rubber-stamp" the hearing examiner's findings. Again, we disagree.

11

Nothing in the court's conditional ruling precluded the Board from exercising its discretion to make its own findings based on its review of the evidence. In fact, Staine argued "separate findings may be appropriate" during the Board's September 28, 2017 hearing, and proposed providing the Board with "a separate analysis leading to separate findings by the Board." A Board commissioner indicated she would be "disinclined" to hear "another factual argument to make different findings," which demonstrates the Board was aware of its discretion to do so. The Board exercised its discretion and voted to adopt the hearing examiner's findings.

B.    *Res Judicata*

Staine's second argument challenges the court application of the doctrine of res judicata to sustain Respondent's demurrer. He argues the court erred when it applied res judicata because there was no final judgment on the merits.

The doctrine of res judicata has two aspects—claim preclusion and issue preclusion. Here, we are concerned with the claim preclusion aspect of res judicata, which "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.) The doctrine serves to prevent inconsistent rulings, promote judicial economy by preventing repetitive litigation, and protect against vexatious litigation. (*Federation of Hillside & Canyon Assns. v. City of Los Angeles* (2004) 126 Cal.App.4th 1180, 1205 (*Federation*).)

For res judicata to apply, three conditions must be met: (1) the decision in the previous proceeding resulted in a final judgment on the merits; (2) the present proceeding must be on the same cause of action as the prior proceeding; and (3) the

12

parties in the present proceeding or parties in privity with them must be the same as the parties to the prior proceeding.  (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797; *Federation, supra*, 126 Cal.App.4th at p. 1202.)

"California cases have uniformly held that a trial court's complete denial of a petition for administrative mandamus is a final judgment that may be appealed by the petitioner."  (*Dhillon v. John Muir Health* (2017) 2 Cal.5th 1109, 1113 (*Dhillon*).)  California cases have also held that "a trial court's judgment granting administrative mandamus, and ordering the substantive relief sought" is a final judgment that may be appealed.  (*Id.* at pp. 1113–1114.)  In both scenarios, the court's order leaves no issue for future consideration except the fact of compliance or noncompliance with the terms of the court's order.  (*Id.* at p. 1114.)

In *Dhillon*, our Supreme Court explained:  " ' "It is not the form of the decree but the substance and effect of the adjudication which is determinative.  As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." ' "  (*Dhillon, supra*, 2 Cal.5th at p. 1115.)  A judgment is final, and therefore appealable, " ' " 'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.' " ' "  (*Ibid.*)

13

Here, the trial court's May 3, 2017 order either granted or denied each of Staine's claims. Staine had alleged in his First Writ Petition that Respondents abused their discretion because: 1) the Board imposed severe and unconscionable punishment based on Staine's alleged conduct; 2) the Board's decision was not supported by the evidence; and 3) the Board's decision was not supported by the findings. The court agreed with Staine's third contention, and found the Board's decision did not contain findings, in contravention of *Topanga*, and remanded for that limited purpose.

The court thoroughly analyzed Staine's first and second contentions and denied them on the merits conditioned upon the Board's adopting, if it did, the hearing examiner's findings. Once the Board adopted the hearing examiner's findings on September 29, 2017, the *Topanga* requirement was met and the matter was fully adjudicated.

The trial court did not reserve jurisdiction to consider any issues or to review the Board's amended decision. (See *Dhillon*, *supra*, 2 Cal.5th at p. 1117.) Once the court issued the writ, "no issue was then left for the court's ' "future consideration except the fact of compliance or noncompliance with the terms of the first decree." ' " (*Ibid.*) Had the Board decided not to adopt the findings of the hearing examiner and instead decided to make its own findings, the portion of the trial court's order addressing the non-*Topanga* issues would have been moot.

Moreover, even if we were to hold that the court's grant of leave to amend the Second Writ Petition effectively reserved jurisdiction to review the Board's compliance with the trial court's prior order, Staine did not seek further review on that ground.

14

We conclude there was a final judgment on the merits which permitted application of the doctrine of res judicata to the Second Writ Petition.  The trial court did not err.

## DISPOSITION

The December 4, 2018 judgment is affirmed.  The parties are to bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

GRIMES, Acting P. J.

WILEY, J.