Opinion
MOSK, J.—
INTRODUCTION
Plaintiff and appellant Michael Sela, M.D. (plaintiff), filed an appeal from the trial court’s judgment denying his petition for writ of mandate. Plaintiff sought in the trial court to set aside the decision of respondent Medical Board of California (Board) that rejected his request for early termination of the probationary restrictions on his medical license. Plaintiff appealed despite the express language of Business and Professions Code section 2337 (section 2337) that requires us to review by “a petition for an extraordinary writ” a trial court decision in a physician disciplinary matter that affects the status of a physician’s license. As the judgment is not appealable, we dismiss the appeal.
BACKGROUND
In March 1995, the Board revoked plaintiff’s medical license, finding that he had engaged in sexual abuse and sexual misconduct during gynecological pelvic examinations. In January 2000, the Board denied plaintiff’s first petition for reinstatement of his license. In February 2006, the Board granted plaintiff’s second petition for reinstatement of his license on certain terms and conditions. Those terms and conditions included revoking plaintiff’s newly reinstated license, staying the revocation, and placing plaintiff on probation for 10 years.[1]
In November 2010, plaintiff filed a petition for penalty relief pursuant to Business and Professions Code sections 2221, subdivision (b)[2] and 2307[3] *226 seeking, inter alia, early termination of his probation at four years into the 10-year term. In January 2012, the Board adopted the administrative law judge’s proposed decision denying the petition for penalty relief.
In February 2012, plaintiff filed a petition for writ of administrative mandate in the trial court seeking to overturn the Board’s decision denying his petition for penalty relief. In December 2013, the trial court entered a judgment denying the petition for writ of mandate. In doing so, the trial court rejected plaintiff’s argument that his acquittal in a related criminal case* **[4] showed that he had no intent to commit sexual abuse during the examinations in issue. The trial court concluded, “1) The criminal trial acquittal is not relevant to the issues at hand. There were no findings by the jury in the criminal trial and the burden of proof is significantly different in criminal cases. 2) Plaintiff’s period of supervision was carefully established. Presently, Petitioner still appears not to appreciate the acts he performed and the harm inflicted.” Instead of filing a petition for an extraordinary writ pursuant to section 2337,[5] plaintiff filed a notice of appeal from the trial court’s judgment. Because an appealable order or judgment is a jurisdictional prerequisite to an appeal, and a reviewing court must raise the issue of appealability on its own initiative (Jennings v. Marralle (1994) 8 Cal.4th 121, 128 [32 Cal.Rptr.2d 275, 876 P.2d 1074]), we issued an order directing *227 plaintiff to appear and show cause why this appeal should not be dismissed because it was taken from an order or judgment made nonappealable by section 2337. After further briefing by the parties and a hearing on the order to show cause, we dismiss the appeal for the reasons explained below.
DISCUSSION
In his statement of appealability and subsequent letter brief on that issue, plaintiff contends that the judgment denying . his writ petition is appealable, notwithstanding section 2337, which limits appellate review of trial court rulings upholding or vacating Board decisions that revoke, suspend, or restrict physician licenses. According to plaintiff, because the Board’s denial of his petition for penalty relief did not revoke, suspend, or restrict his license, but rather merely maintained the status quo by leaving in place the previously ordered 10-year probation period, section 2337 does not apply to his appeal. In its letter brief on the appealability issue, the Board agrees with plaintiff. The parties, however, cannot confer appellate jurisdiction on us when an order or judgment is not appealable. (Olson v. Cory (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720]; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 86, p. 146.)
A. Board Disciplinary Proceedings
The Board has statutory authority to investigate allegations of unprofessional conduct and to take disciplinary action against a physician found guilty of unprofessional conduct. (See Bus. & Prof. Code, §§ 2220, 2221, subd. (a), 2227, 2234; Arnett v. Dal Cielo (1996) 14 Cal.4th 4, 7-8 [56 Cal.Rptr.2d 706, 923 P.2d 1].) The court in Arnett v. Dal Cielo, supra, 14 Cal.4th at page 9 summarized the investigatory and disciplinary procedures as follows: “If, after such investigation as it deems necessary, the Board determines there is sufficient evidence of unprofessional conduct to warrant instituting a formal disciplinary action against a licensee, it refers the matter to the Attorney General; the action will then be prosecuted by the Senior Assistant Attorney General of the Health Quality Enforcement Section (see Gov. Code, § 12529) and the proceedings will be conducted in accordance with the Administrative Procedure Act (id., § 11500 et seq.). (Bus. & Prof. Code, § 2230, subd. (a).) The Board may also petition for injunctive relief against any licensee whenever it has ‘reasonable cause to believe that allowing such person to continue to engage in the practice of medicine would endanger the public health, safety, or welfare’ (id., § 2313; see also Gov. Code, § 11529 [‘interim order’ suspending license, etc., on same ground]). If, after formal adjudicative proceedings, the licensee is found guilty of unprofessional conduct, the Board has a range of options: It may either suspend or revoke the license, or place the licensee on probation, or issue a public *228 reprimand. (Bus. & Prof. Code, § 2227.) Finally, the Board’s authority to order probation includes the authority to require the licensee to obtain additional professional training and pass an examination thereon, and to submit to a complete diagnostic examination, as well as the authority to restrict the extent or nature of the licensee’s practice. (Id., § 2228.)”
B. Judicial Review of Board Disciplinary Decisions
The court in Landau v. Superior Court (1998) 81 Cal.App.4th 191, 198 through 199 [97 Cal.Rptr.2d 657] (Landau), summarized the judicial review process for Board disciplinary decisions as follows: “Review of a decision of the [Board] revoking, suspending or restricting a medical license is by writ of administrative mandamus in the superior court. (Code Civ. Proc., § 1094.5.) Traditionally, review of the superior court decision has been by direct appeal from the final judgment or order of the superior court granting or denying the writ petition. Effective January 1, 1996, the Legislature . . . provided that appellate review of the superior court’s decision shall be pursuant to a petition for an extraordinary writ. (Bus. & Prof. Code, § 2337.) [¶] This amendment eliminated direct appeal via Code of Civil Procedure section 1094.5 from the superior court decision granting or denying the petition for writ of mandate and substituted discretionary writ review by the appellate court. . . .” (Fns. omitted.)[6]
The court in Landau, supra, 81 Cal.App.4th 191 explained that “[t]he legislative history of section 2337 makes clear that the statute was a response to one aspect of a perceived crisis in physician discipline procedures — that of lengthy delays in the final imposition of discipline. The provision for writ review in the Court of Appeal was intended to expedite the completion of judicial review of physician discipline decisions and to shorten the overall time for these cases irrespective of which party prevailed at the superior court level. [¶] . . . In cases where the Board has imposed discipline suspending or revoking a license, and the superior court has refused to issue a writ overturning that decision, appellate review by writ of mandate enables the appellate court to dispose of a petition that has no apparent merit relatively quickly. Similarly, where the superior court has issued a writ *229 overturning the Board’s imposition of discipline, appellate writ review pursuant to section 2337 would benefit the physician by shortening the time to final decision.” (Landau, supra, 81 Cal.App.4th at pp. 205-206, italics added.)
C. Analysis
In support of his assertion that section 2337 does not govern appellate review of the trial court’s judgment denying his petition for writ of mandate, plaintiff makes three arguments: (i) the text of section 2337 limits its application to cases in which the Board has “affirmatively limited or eliminated a doctor’s right to practice” — actions that the Board did not take in denying the petition for penalty relief; (ii) the purpose of section 2337 — the speedy removal of unqualified physicians from practice — will not be served by applying that section to the judgment in issue because plaintiff’s right to practice had already been restricted prior to the Board’s decision in question; and (iii) the trial court’s failure to follow the section 2337 requirement that the hearing on plaintiff’s writ petition take place within 180 days of filing demonstrates that section 2337 does not apply to this appeal. The Board, in agreeing with plaintiff on the issue of appealability, contends that a trial court’s ruling upholding the Board’s denial of a petition for penalty relief “does not generally result in a new order revoking, suspending, or restricting a license, and in such cases, [the Board] has not sought dismissal of such appeals because the concern to expedite imposition of discipline is not present.”
Contrary to plaintiff’s characterization of his petition for penalty relief, the Board’s decision denying such relief did not merely preserve the status quo. After the Board considered plaintiff’s new evidence and arguments, it reaffirmed that probation was still warranted, despite the alleged changed circumstances upon which plaintiff relied. In effect, the Board decided that notwithstanding plaintiff’s new evidence, there was a present need to restrict plaintiff’s right to practice, a decision that is covered by the express language of section 2337.
As to the Board’s argument that a denial of a petition for penalty relief is not a decision “revoking, suspending, or restricting” a license covered by section 2337, such a denial of relief is a decision that restricts a license, even if it is a continuation of a restriction. The Board suggests 'that plaintiff filed his petition for penalty relief pursuant to Government Code section 11522 and that because that section authorizes such petitions only after a license has been revoked or suspended, a decision on a section 11522 petition does not operate to revoke or suspend a license. Section 11522, which provides that a person whose license has been revoked or suspended may under certain conditions petition the licensing agency for reinstatement *230 or reduction of penalty, specifies that it “shall not apply if the statutes dealing with the particular agency contain different provisions for reinstatement or reduction of penalty.” Contrary to the Board’s suggestion, plaintiff sought relief, not under section 11522, but rather under Business and Professions Code sections 2221, subdivision (b) and 2307, each of which contains provisions for reinstatement or reduction in penalty in Board disciplinary matters that differ from Government Code section 11522. Thus, section 11522, by its own terms, has no application to this case. Moreover, section 11522 and Government Code section 11523 — which provides for superior court writ review of licensing agency denials of reinstatements or reductions in penalty- — do not refer at all to appellate review of a trial court decision following a writ review of a licensing agency’s decision on reinstatement or reduction in penalty. Section 2337, however, specifically deals with appellate review of trial court decisions involving physician discipline by the Board.
Plaintiff’s argument that the purpose of section 2337- — -to remove promptly unqualified physicians from the practice of medicine — -would not be served by applying it to the judgment in issue is unavailing. Although timely removal of unqualified physicians is a purpose of the enactment, it is not the sole purpose. As the court in Landau, supra, 81 Cal.App.4th at page 205 observed, the writ review provision of section 2337 was intended “to expedite the completion of judicial review of physician discipline decisions” and to shorten the overall time for such cases, “irrespective of which party prevailed at the superior court level.” Thus, section 2337 is not limited to disciplinary proceedings in which the physician does not prevail before the Board or in the trial court and which result in the termination or limitation of his or her right to practice. On its face, section 2337 applies to trial court review of any disciplinary decision by the Board that affects the status of the physician’s license to practice. To hold otherwise would limit unreasonably the application of section 2337 and thereby impede the overall purpose of expediting judicial review of Board disciplinary decisions that affect a physician’s license, such as the decision here to continue in place the probationary restrictions on plaintiff’s license. Contrary to the parties’ assertions, writ review in this case would have served that statutory purpose by enabling this court to dispose of plaintiff’s request for penalty relief quickly and expeditiously, regardless of whether the Board or plaintiff prevailed in the trial court. Just as the Board has an interest in promptly removing unqualified physicians from practice, a physician entitled to relief has an interest in a prompt appellate review that might restore his or her right to practice.
*231 Plaintiff’s argument based on the trial court’s purported failure to adhere to the 180-day expedited hearing mandate[7] in section 2337 is also unpersuasive. The issue before us is not whether the trial court erred by failing to adhere to the timing mandate in section 2337, but rather whether the trial court’s ultimate decision on the writ petition is appealable. That issue is a jurisdictional one that cannot be determined based on the conduct and timing of the trial court writ proceeding. Thus, whether the trial court considered section 2337 inapplicable in that court is irrelevant to whether that section applies to and controls the appellate review of the trial court’s decision.
We conclude that because the Board decision in issue operated to restrict plaintiff’s medical license, section 2337 applies to and controls the method of appellate review of the trial court’s ruling upholding the Board’s decision. Therefore, the trial court’s judgment denying plaintiff’s petition for writ of mandate is not appealable.
D. Writ Relief
Citing Zabetian v. Medical Board (2000) 80 Cal.App.4th 462 [94 Cal.Rptr.2d 917], plaintiff contends that to the extent we conclude that section 2337 bars his appeal, he is entitled to have his appellate brief treated as a petition for an extraordinary writ. In that case, the court held that when an appeal is improper, the appellate court may in its discretion treat the appeal as a petition for an extraordinary writ in “unusual circumstances,” such as when review by writ is the statutorily prescribed mode of review. (Zabetian v. Medical Board, supra, 80 Cal.App.4th at p. 466.)
Plaintiff’s request for extraordinary writ treatment in his opening brief failed to explain why he proceeded by way of direct appeal instead of seeking expedited appellate review in an extraordinary writ proceeding as required by section 2337.[8] His request also did not provide a sufficient justification for the unreasonable delay in the disposition of this matter caused by his failure to follow section 2337 and seek expedited review pursuant to a petition for an extraordinary writ. If a timely petition for a writ had been denied because the matter was appealable, plaintiff could then have appealed. There is no advantage to plaintiff or the public in having a longer period of review by *232 way of an appeal. Given the plain language of section 2337, plaintiff’s conduct in proceeding with this appeal contrary to the requirements of that section requires a more convincing explanation of his justification for proceeding as he did. We therefore decline to exercise our discretion to treat the unauthorized appeal as a petition for an extraordinary writ.
DISPOSITION
The appeal from the trial court’s judgment denying plaintiff’s request for a writ of mandate is dismissed. No costs are awarded on appeal.
Turner, P. J., concurred.

 The Board scheduled plaintiff’s probation to terminate in February 2016.

 Business and Professions Code section 2221, subdivision (b) provides: “(b) The board may modify or terminate the terms and conditions imposed on the probationary certificate upon receipt of a petition from the licensee. The board may assign the petition to an administrative law judge designated in Section 11371 of the Government Code. After a hearing on the petition, the administrative law judge shall provide a proposed decision to the board.”

 Business and Professions Code section 2307 provides, in pertinent part: “(a) A person whose certificate has been surrendered while under investigation or while charges are pending or whose certificate has been revoked or suspended or placed on probation, may petition the *226 board for reinstatement or modification of penalty, including modification or termination of probation. [¶] . . . [¶] (c) The petition shall state any facts as may be required by the board. The petition shall be accompanied by at least two verified recommendations from physicians and surgeons licensed in any state who have personal knowledge of the activities of the petitioner since the disciplinary penalty was imposed. [¶] (d) The petition may be heard by a panel of the board. The board may assign the petition to an administrative law judge designated in Section 11371 of the Government Code. After a hearing on the petition, the administrative law judge shall provide a proposed decision to the board . . . which shall be acted upon in accordance with Section 2335. [¶] (e) The panel of the board or the administrative law judge hearing the petition may consider all activities of the petitioner since the disciplinary action was taken, the offense for which the petitioner was disciplined, the petitioner’s activities during the time the certificate was in good standing, and the petitioner’s rehabilitative efforts, general reputation for truth, and professional ability. . . . [¶] (f) The administrative law judge designated in Section 11371 of the Government Code reinstating a certificate or modifying a penalty may recommend the imposition of any terms and conditions deemed necessary. . . .”

 In October 1993, the Pasadena City Prosecutor charged plaintiff with misdemeanor sexual battery in violation of Penal Code section 243.4, subdivision (d) based on a November 1992 incident during a patient examination. Following a trial on that charge, the jury found plaintiff not guilty.

 Section 2337, which governs judicial review of Board decisions revoking, suspending, or restricting a physician’s license, provides: “Notwithstanding any other provision of law, superior court review of a decision revoking, suspending, or restricting a license shall take preference over all other civil actions in the matter of setting the case for hearing or trial. The hearing or trial shall be set no later than 180 days from the filing of the action. Further continuance shall be granted only on a showing of good cause. [¶] Notwithstanding any other provision of law, review of the superior court’s decision shall be pursuant to a petition for an extraordinary writ.” (Italics added.)

 “The Legislature is permitted to enact laws specifying that an extraordinary writ petition shall be the exclusive method for obtaining review. (Leone [v. Medical Board (2000)] 22 Cal.4th [660,] 668 [94 Cal.Rptr.2d 61, 995 P.2d 191].) Thus, the California Supreme Court has upheld statutes mandating that writ review be the exclusive method of review in certain actions. (Leone, supra, 22 Cal.4th at pp. 664, 670 [medical license revocation actions under Bus. & Prof. Code, § 2337]; Powers v. City of Richmond (1995) 10 Cal.4th 85, 90, 110 (plur. opn. of Kennard, J.), 115-116 (conc. opn. of George, J.) [40 Cal.Rptr.2d 839, 893 P.2d 1160] (hereafter Powers) [California Public Records Act actions (Gov. Code, §§ 6250, 6259].)” (Hollywood Park Land Co., LLC v. Golden State Transportation Financing Corp. (2009) 178 Cal.App.4th 924, 940 [100 Cal.Rptr.3d 752].)

 Based on the record before us, we cannot determine why the hearing in the trial court on plaintiff’s request for writ relief took place beyond the 180-day time limit or whether plaintiff objected to the timing of the hearing based on section 2337.

 In his letter brief and at oral argument, plaintiff maintained that the word “restricting,” as used in section 2337, created an ambiguity that made it “uncertain whether the terms of section 2337 apply here at all.” We do not view the “revoking, suspending, or restricting” language of section 2337 as being ambiguous. It clearly refers to the Board’s statutory power to impose a broad range of discipline on physicians who are found guilty of unprofessional conduct.