Filed 8/23/22  Marshall v. Medical Board of California CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| GRANVILLE H. MARSHALL, | B308582 |
| Petitioner and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. 19STCP00889) |
| MEDICAL BOARD OF CALIFORNIA, | |
| Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge.  Dismissed.

Pierce & Shearer and Andrew F. Pierce for Appellant.

Rob Bonta, Attorney General, Gloria L. Castro, Assistant Attorney General, Robert McKim Bell and Trina L. Saunders, Deputy Attorneys General, for Respondent.

_____

Granville H. Marshall, M.D., appeals from a judgment entered after the trial court denied his petition for a writ of administrative mandate challenging a decision of the Medical Board of California (Board) revoking his surgeon and physician's license, staying revocation, and placing him on probation for three years. Under Business and Professions Code section 2337,[1] the trial court's decision is reviewable only by filing a petition for an extraordinary writ. Because this case does not present unusual circumstances for treating Marshall's improper appeal as a writ petition, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

From April 30, 2012 through May 30, 2014 Marshall, a physician practicing internal medicine in a solo practice, treated Sabino Fosmire, a former chemical industry worker who suffered from lung disease and brain lesions. Throughout his treatment of Fosmire, Marshall prescribed numerous opioid medications, including hydromorphone, morphine, oxycodone, hydrocodone, and buprenorphine before discharging Fosmire for drug-seeking behavior.

On August 1, 2014 Fosmire filed a consumer complaint against Marshall with the Board, alleging Marshall had asked him to harm two local physicians with whom Marshall had grievances. In connection with the complaint, Fosmire

---

[1]     All undesignated statutory references are to the Business and Professions Code.

[2]     Our summary of the facts is based on the undisputed factual findings in the Board's administrative decision.

authorized the release of his medical records to the Board. A Board investigator determined the allegations of the complaint were unsubstantiated; however, the investigator began a quality of care investigation into Marshall's treatment of Fosmire.

David M. Olson, M.D., reviewed Fosmire's medical records as part of the Board's investigation. Olson reported that during Fosmire's initial visit, Marshall did not perform a diagnostic evaluation for pain or document the rationale for continuing to prescribe opioids to Fosmire. Further, Marshall's progress notes of Fosmire's 45 visits within the two-year treatment period were "'nearly illegible and quite cursory and failed to document standard guidelines in the use of controlled substances for patients with chronic pain conditions.'"

On September 5, 2017 the Board filed an accusation alleging unprofessional conduct by Marshall in the care and treatment of Fosmire.

The accusation alleged Marshall engaged in gross negligence and repeated negligent acts in his treatment of Fosmire for chronic pain (§ 2234, subds. (b) & (c)); Marshall's recordkeeping was inadequate and inaccurate (§ 2266); and Marshall repeatedly failed to attend and participate in an interview with the Board (§ 2234, former subd. (h)).

Administrative Law Judge (ALJ) Marilyn A. Woollard conducted a six-day hearing on the accusation beginning on April 9, 2018, in which Olson and two investigators testified for the Board, and Marshall testified on his own behalf, along with a character witness. The ALJ denied Marshall's motion to exclude Fosmire's records and to strike Olson's testimony based on the records, finding Marshall did not have standing to assert

confidentiality on behalf of Fosmire, who had authorized release of his records.

On August 24, 2018 the ALJ issued an amended proposed decision, which the Board adopted as its decision on October 9. The ALJ found clear and convincing evidence supported each count of the accusation, and based on these findings the Board revoked Marshall's physician and surgeon's certificate. However, the Board stayed the revocation and placed Marshall on probation for three years effective November 8, 2018 with conditions, including completion of courses on prescribing practices and recordkeeping, monitoring by another physician, and a prohibition on solo practice.

On March 22, 2019 Marshall, representing himself, filed a petition for writ of administrative mandate (Code Civ. Proc., § 1094.5) alleging the Board "failed to grant [Marshall] a fair trial, in that this action was based on a fake complaint form and a fake investigative report from investigator . . . .  The [Board] relied on medical record releases that were improper and basically fake.  Inadmissible hearsay and falsified information was allowed into evidence, which was unfairly prejudicial to [Marshall]."  Further, the administrative decision was "not supported by the findings, because [Marshall] did not violate any medical standard of care and there was no evidence of negligence or gross negligence . . . ."  Marshall filed a trial brief, but as he acknowledges in his opening brief, the trial brief "was admittedly devoid of direct citations to the record or legal authorities."  After receiving the Board's opposition to the writ petition, Marshall

4

filed a more detailed reply brief with citations to the administrative record.

On July 21, 2020, after a hearing, the trial court denied the writ petition. In its tentative ruling adopted as its order, the court found Marshall's "procedural failures," including his failure in the trial brief to cite any evidence in the administrative record and his inclusion of extra-record evidence, "mean[t] that [Marshall] has waived his claims, the Board's objection to the extra-record evidence is sustained, and the Petition must be denied." The court continued in a nine -page single-spaced discussion of Marshall's claims, "Assuming arguendo that the court is required to address Marshall's claims," the decision was correct on the merits, the ALJ's evidentiary rulings were correct, and the weight of the evidence supported the ALJ's findings that Marshall committed at least one act of gross negligence in treating Fosmire without an initial pain diagnosis and repeated acts of negligence in continuing to prescribe opioids to Fosmire, and Marshall failed to maintain adequate records and participate in Board interviews.

A judgment denying the writ petition incorporating the court's order was filed on August 18, 2020. Marshall appealed from the judgment.

## DISCUSSION

The Board contends we should dismiss Marshall's appeal because under section 2337, review of a superior court judgment granting or denying a writ petition challenging revocation of a medical license is only available by filing a petition for extraordinary writ. We agree dismissal is appropriate here.

Section 2337, which applies to medical licenses, provides, "Notwithstanding any other provision of law, superior court review of a decision revoking, suspending, or restricting a license shall take preference over all other civil actions in the matter of setting the case for hearing or trial. The hearing or trial shall be set no later than 180 days from the filing of the action. . . . [¶] Notwithstanding any other provision of law, review of the superior court's decision shall be pursuant to a petition for an extraordinary writ."

As the Supreme Court explained in *Leone v. Medical Board* (2000) 22 Cal.4th 660, 670 in upholding the constitutionality of section 2337, "In section 2337, the Legislature has determined that for superior court decisions in certain physician licensing matters, the mode of appellate review shall be an extraordinary writ proceeding rather than direct appeal. . . . We conclude that the appellate jurisdiction clause [of the California Constitution] does not require the Legislature to provide for direct appeals in all cases within the original jurisdiction of the superior courts; that it permits some variation in and experimentation with the procedures for appellate review of civil actions brought in the superior courts, provided always that the constitutional powers of the courts are not thereby impaired; and that in particular it does not guarantee a physician a right to a direct appeal from a

6

superior court administrative mandate judgment upholding the [Board's] revocation of the physician's license to practice medicine." (Accord, *Landau v. Superior Court* (1998) 81 Cal.App.4th 191, 198-199 ["Effective January 1, 1996, the Legislature has provided that appellate review of the superior court's decision shall be pursuant to a petition for an extraordinary writ. [Citation.] This amendment eliminated direct appeal via Code of Civil Procedure section 1094.5 from the superior court decision granting or denying the petition for writ of mandate and substituted discretionary writ review by the appellate court."]; *Sela v. Medical Bd. of California.* (2015) 237 Cal.App.4th 221, 228, 232 (*Sela*) [dismissing physician's appeal from trial court's denial of writ petition challenging Board's revocation of medical license].)

In his reply brief, Marshall concedes that review of a trial court order granting or denying a petition for writ of administrative mandate with regard to physician licensing is "ordinarily through extraordinary writ" under section 2337, but he argues the policy justification behind section 2337—to expedite review of adverse medical licensing decisions—does not apply in this case because he remained on probation throughout the judicial proceedings, so "there is no need for expedited review." This argument is unavailing. As the Court of Appeal explained in *Landau v. Superior Court, supra*, 81 Cal.App.4th at pages 205 to 206, "The legislative history of section 2337 makes clear that the statute was a response to one aspect of a perceived crisis in physician discipline procedures—that of lengthy delays in the final imposition of discipline. The provision for writ review in the Court of Appeal was intended to expedite the completion of judicial review of physician discipline decisions and to shorten

7

the overall time for these cases irrespective of which party prevailed at the superior court level.  [¶] . . . In cases where the Board has imposed discipline suspending or revoking a license, and the superior court has refused to issue a writ overturning that decision, appellate review by writ of mandate enables the appellate court to dispose of a petition that has no apparent merit relatively quickly." (Accord, *Sela, supra*, 237 Cal.App.4th at p. 230 ["[W]rit review in this case would have served [the] statutory purpose by enabling this court to dispose of plaintiff's request for penalty relief quickly and expeditiously, regardless of whether the Board or plaintiff prevailed in the trial court."].) Here, although Marshall may have completed his probationary period, the Board and the public have an interest in an expeditious final determination of the validity of the Board's findings, including that Marshall was negligent in his treatment of a patient.

Marshall argues in his reply brief that we should alternatively exercise our discretion to construe his appeal as a petition for extraordinary writ.  While he is correct that appellate courts "have power to treat [a] purported appeal as a petition for writ of mandate," courts "should not exercise that power except under unusual circumstances." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401; accord, *Curtis v. Superior Court* (2021) 62 Cal.App.5th 453, 465.)  Appellate courts have found unusual circumstances where an appeal presents a discrete legal question and the appealability of the trial court order at issue was uncertain. (See *Olson*, at p. 401 [unusual circumstances warranted treating as petition for writ of mandate an appeal from an interlocutory order under Code of Civil Procedure section 437c, determining that plaintiffs were not entitled to recover interest on retroactive

salary and pension payments because "the issue of appealability was far from clear in advance" and "all issues in this litigation have now been resolved except for the one now presented to this court—that of a plaintiff's right to interest"]; *Curtis v. Superior Court, supra*, 62 Cal.App.5th at p. 466-467 [treating an appeal from an interlocutory discovery order compelling third party witness to disclose name of his expert witness as writ petition where witness had no adequate remedy at law to resolve privilege issue because order may never be appealable and failure to comply with order could result in witness being held in contempt]; *Rogers v. Municipal Court* (1988) 197 Cal.App.3d 1314, 1317 [unusual circumstances existed to treat an appeal as a writ petition where matter involved question of law that was "issue of first impression""].)  This case does not present any unusual circumstances.

Marshall relies on *Zabetian v. Medical Board* (2000) 80 Cal.App.4th 462, 464-465 (*Zabetian*), in which a physician appealed from the trial court's denial of a petition for writ of mandate to set aside the Board's decision imposing a two-year probationary period based on two acts of negligence by the physician.  The physician argued that section 2335, which provides the Board may take action against a licensee charged with "'[r]epeated negligent acts," required more than two acts of negligence.  (*Id.* at 464.)  The Court of Appeal recognized that section 2337 required review by extraordinary writ, but it granted the Board's request to treat the appeal as a writ petition, explaining, "We may treat an improper appeal as a petition for an extraordinary writ in unusual circumstances.  [Citations.]  Such unusual circumstances are present where the matter presents an

issue of first impression, the issue has been thoroughly briefed and our determination is purely one of law." (*Id.* at p. 466.)

More recently, in *Podiatric Medical Bd. of California v. Superior Court (Redko)* (2021) 62 Cal.App.5th 657, 662, 666 (*Podiatric Medical Board*), the Court of Appeal agreed to treat as an extraordinary writ petition a medical board's appeal from a trial court order granting a physician's petition for writ of administrative mandate to set aside the board's decision to place the physician on probation for unprofessional conduct. At issue in the case was whether the ALJ had the power to exclude an expert witness at the administrative hearing as a discovery sanction. (*Id.* at p. 662.) The Court of Appeal agreed to treat the appeal as a writ petition, reasoning, "Having become familiar with the subject of this appeal, we realize it presents a pure issue of law pertaining to the regulatory power of the Board to protect patient safety and the public health. [Citation.] The case has been thoroughly briefed and argued. Both sides were almost equally tardy in raising the issue." (*Id.* at p. 666.)

The present case is readily distinguishable from *Zabetian* and *Podiatric Medical Board*. In his appeal Marshall argues the ALJ erred in admitting Fosmire's medical records, excluding Marshall from testifying as an expert after he failed to make expert disclosures required under section 2334, finding Marshall had not cooperated in the Board's initial investigation, and finding Marshall's failure to properly diagnose Fosmire for pain was an "extreme departure" from the standard of care. Marshall's appeal is therefore a standard appeal of a medical licensing decision that is not limited to "an issue of first impression [that is] purely one of law." (*Zabetian, supra,* 80 Cal.App.4th at p. 466; see *Podiatric Medical Board, supra,*

10

62 Cal.App.5th at p. 666.)  Moreover, the nonappealability of the trial court's order under section 2337 was well-settled at the time of Marshall's appeal, yet Marshall, then represented by counsel, did not address section 2337 or request discretionary writ review until his reply brief.  (Cf. *Olson v. Cory, supra*, 35 Cal.3d 390, 401 [unusual circumstances where appealability was uncertain]; see *Sela v. Medical Board, supra*, 237 Cal.App.4th at pp. 231-232 [dismissing physician's appeal and declining to treat as writ petition because physician's request did not raise unusual circumstances and "did not provide a sufficient justification for the unreasonable delay in the disposition of this matter caused by his failure to follow section 2337 and seek expedited review pursuant to a petition for an extraordinary writ."].)

## DISPOSITION

The appeal is dismissed.


FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.


11