Filed 1/3/25  Cullen v. Medical Board of California CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. CULLEN, M.D., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> MEDICAL BOARD OF CALIFORNIA, <br><br> Defendant and Respondent. | D083228 <br><br><br> (Super. Ct. No. 37-2023-00009310-CU-WM-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy Taylor, Judge.  Appeal Dismissed.

Davis, Grass, Goldstein & Finlay, Gabriel M. Benrubi, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Gloria L. Castro, Assistant Attorney General, Alexandra M. Alvarez, and Christine A. Rhee, Deputy Attorneys General, for Defendant and Respondent.

Jeffrey A. Cullen (Cullen) appeals the superior court's judgment denying his petition for an alternative writ of mandate challenging the decision of the Medical Board of California (Board) to restrict his medical

license and place him on probation. The Board filed a motion to dismiss Cullen's appeal on the ground that this Court does not have jurisdiction to hear it. The Board argued that, under Business and Professions Code section 2337, our only avenue to review the superior court's judgment is through a petition for extraordinary writ. We agree with the Board, grant the Board's motion, and dismiss Cullen's appeal.

FACTUAL AND PROCEDURAL BACKGROUND

Cullen has been certified by the Board as a physician and surgeon since 2010. From 2016 to 2020, a federally qualified health center employed Cullen to provide care for underserved communities, including patients with substance abuse problems and those taking addictive, controlled medications.

In September 2021, the Board charged Cullen with gross, and repeated, acts of negligence while treating four patients, between 2016 and 2018, who suffered from addiction or chronic pain. Cullen filed a notice of defense.

After a 2022 hearing, an administrative law judge found some of the Board's allegations against Cullen true. The judge ordered Cullen's medical license revoked, but that the revocation be suspended for three years, during which time Cullen would be on probationary status with certain limiting terms and conditions.

On January 24, 2023, the Board adopted the administrative law judge's decision and order. On March 3, 2023, Cullen petitioned the Superior Court for an alternative writ of mandate vacating the Board's disciplinary order. On September 21, 2023, after reviewing the administrative hearing record, the trial court denied the alternative writ.

Relying primarily on *Dhillon v. John Muir Health* (2017) 2 Cal.5th 1109 (*Dhillon*) and Code of Civil Procedure sections 904.1 and 1094.5,[1] Cullen asserts that he can use a direct appeal to this court to vacate the Board's disciplinary order.  In the alternative, Cullen asks us to convert this appeal to an extraordinary writ.  Cullen contends treating this appeal as an extraordinary writ is justified because the standard of review a superior court employs in reviewing the Board's physician discipline is unsettled and as an appellate court we should contribute to that discussion.  Finding *Dhillon* inapposite, and sections 904.1 and 1094.5 inapplicable here, we disagree and affirm.

## DISCUSSION

### A. *Dhillon v. John Muir Health*

*Dhillon* involved two doctors working in the Bay Area's John Muir Hospital system.  (*Dhillon*, *supra*, 2 Cal.5th at p. 1112.)  Following a conflict between the two physicians, hospital supervisors ordered the offending doctors to either mediate their dispute or, in the alternative, attend anger management courses.  (*Ibid*.)  Dhillon refused, leading hospital administrators to warn him that if he did not comply the hospital would suspend his "clinical privileges" for almost two weeks.  (*Ibid*.)  After the hospital denied further administrative review, Dhillon brought a petition for writ of administrative mandamus in the Superior Court.  (*Ibid*.)  The trial court partially granted the writ, ordering the hospital to offer Dhillon further internal evaluation of his discipline; the hospital appealed.  (*Id*. at p. 1113.)  The Court of Appeal dismissed the case stating, " 'The superior court's order

---

[1]   All further undesignated statutory references are to the Code of Civil Procedure.

3

remanding the matter to John Muir Health is not a final, appealable order.' " (*Ibid.*)

On review, our Supreme Court addressed appealability of the superior court's ruling by considering whether "the trial court's order in this case was a final judgment." (*Dhillon, supra*, 2 Cal.5th at p. 1115.) It determined the superior court's order was a final judgment subject to an appeal because the trial court's order left no issue for further determination. (*Ibid.*) We observe that *Dhillon* primarily considered appealability of a writ ruling involving how a hospital enforced conduct standards between employees. Direct appeals from a hospital's administrative orders or decisions are specifically allowed under section 1094.5. (§ 1094.5, subd. (h)(1) ["The court . . . may stay the operation of the administrative order or decision of any licensed hospital . . . until the filing of a notice of appeal from the judgment"].) We confront a different issue: Whether a direct appeal is allowed from a trial court's order affirming an administrative agency revoking and limiting a physician's license.

B. *Review of the Trial Court's Ruling Is by Extraordinary Writ*

As a general rule, section 904.1 instructs us that a litigant in an unlimited civil action may appeal an adverse ruling only after the trial court renders a final judgment. (§ 904.1, subd. (a)(1) & (2).) When a trial court's ruling in a writ proceeding decides the dispute between parties the judgment subsequently filed is considered a final judgment. (*Meinhardt v. City of*

4

*Sunnyvale* (2024) 16 Cal.5th 643, 655 (*Meinhardt*).)[2]  We agree that the trial court's order in this case serves as a final judgment because "no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree." (*Dhillon, supra*, 2 Cal.5th at p. 1115.)

Accepting the trial court's decision on Cullen's writ of administrative mandamus is a final judgment, we turn to section 1094.5 and the applicable appellate procedure described there.  Section 1094.5 explains generally the process by which a writ "inquiring into the validity of any final administrative order or decision made" is conducted.  (§ 1094.5, subd. (a) & (b); *Li v. Superior Court* (2021) 69 Cal.App.5th 836, 845 (*Li*) [§ 1094.5 provides a "basic framework by which an aggrieved party to an administrative proceeding may seek judicial review of any final order or decision by a state or local agency"].)  The statute also provides that "the court in which proceedings under this section are instituted may stay the operation of the administrative order or decision pending . . . the filing of a notice of appeal from the judgment." (§ 1094.5, subd. (g).)

But the reach of this statute is not without limits.  Here, we rely on traditional approaches to statutory interpretation, applying the more specific statute over the general one.  (*In re Corey* (1964) 230 Cal.App.2d 813, 821 [when interpreting laws "a special statute dealing expressly with a particular subject controls and takes priority over a general statute"].)  Section 1094.5 does not abrogate other, more specific, code sections regarding writ practice.

_____

2      Cullen cites our ruling in *Meinhardt v. City of Sunnyvale* (2022) 76 Cal.App.5th 43, 49–50, for the proposition that a denial of a writ of administrative mandamus acts as a final judgment.  Our Supreme Court agreed on that point, but reversed our ruling on when the time to file an appeal from a writ began. (*Meinhardt, supra,* 16 Cal.5th at p. 650.)

5

In this case a narrowly tailored statute governs the handling of doctors' license revocations or limitations. Business and Professions Code section 2337 instructs us that "[n]otwithstanding any other provision of law, review of the superior court's decision [revoking, suspending, or restricting a physician's license] *shall be pursuant to a petition for an extraordinary writ.*" (Italics added.) (See also *Leone v. Medical Board* (2000) 22 Cal.4th 660, 670 (*Leone*) ["In [Business and Professions Code] section 2337, the Legislature has determined that for superior court decisions in certain physician licensing matters, the mode of appellate review shall be an extraordinary writ proceeding rather than direct appeal"].)

In *Leone*, the Supreme Court considered whether "making a writ petition the method for obtaining appellate review of superior court decisions in these [Business and Professions Code section 2337] physician licensing matters" violates the Constitution. (*Leone*, *supra*, 22 Cal.4th at p. 664.) It held Business and Professions Code "section 2337 does not violate [the] appellate jurisdiction clause of the California Constitution." (*Ibid.*)[3] Because reviewing courts exercise appellate jurisdiction both by direct appeal and through extraordinary writ proceedings, the state Constitution's appellate clause does not imply a right to bring a direct appeal from a judgment that falls within the superior court's original jurisdiction. (*Id.* at p. 668.) Consequently, we find that where an administrative agency acts against a physician's license, we may review that decision through an extraordinary writ proceeding.

_____

[3]    California Constitution, article VI, section 11, is the state Constitution's appellate jurisdiction clause and explains in relevant part, the "courts of appeal have appellate jurisdiction when superior courts have original jurisdiction in causes of a type within the appellate jurisdiction of the courts of appeal on June 30, 1995, and in other causes prescribed by statute."

*Landau v. Superior Court* (1998) 81 Cal.App.4th 191 is instructive here.  In *Landau*, the Court of Appeal explained that the legislature's addition of Business and Professions Code section 2337 in 1996 "eliminated direct appeal via . . . section 1094.5 from the superior court decision granting or denying the petition for writ of mandate and substituted discretionary writ review by the appellate court." (*Landau*, at pp. 198–199.)  *Landau* explained "[t]he legislative history of [Business and Professions Code] section 2337 makes clear that the statute was a response to one aspect of a perceived crisis in physician discipline procedures—that of lengthy delays in the final imposition of discipline.  The provision for writ review in the Court of Appeal was intended to expedite the completion of judicial review of physician discipline decisions and to shorten the overall time for these cases irrespective of which party prevailed at the superior court." (*Id*. at p. 205.) The court explained that "[t]he Legislature reasonably could determine that the public interest was better protected by expediting resolution of physician discipline cases than by requiring oral argument and a written opinion in every instance of appellate review of the superior court's judgment reviewing the discipline decision of the Medical Board." (*Id*. at pp. 206–207.)

*Sela v. Medical Bd. of California* (2015) 237 Cal.App.4th 221 (*Sela*), expanded on *Landau*'s reasoning.  *Sela* explains, "On its face, [Business and Professions Code] section 2337 applies to trial court review of *any* disciplinary decision by the Board that affects the status of the physician's license to practice.  To hold otherwise would limit unreasonably the application of [Business and Professions Code] section 2337 and thereby impede the overall purpose of expediting judicial review of Board disciplinary decisions that affect a physician's license." (*Id*. at p. 230, italics added.) "Just as the Board has an interest in promptly removing unqualified

7

physicians from practice, a physician entitled to relief has an interest in a prompt appellate review that might restore his or her right to practice." (*Id.* at p. 230.) *Sela* held that Business and Professions Code "section 2337 applies to and controls the method of appellate review of the trial court's ruling upholding the Board's decision" to restrict a physician's medical license. (*Id.* at p. 231.) "Therefore, the trial court's judgment denying plaintiff's petition for writ of mandate [was] not appealable." (*Ibid.*; see also *Zabetian v. Medical Bd.* (2000) 80 Cal.App.4th 462, 465 [Bus. & Prof. Code., § 2337 does not violate the appellate jurisdiction clause of the state Constitution by ruling out "appeal as the mode of review in this case"].)

However, this rule is not absolute. *Zabetian* explained an appellate court "may treat an improper appeal as a petition for an extraordinary writ in unusual circumstances." (*Zabetian v. Medical Bd.*, *supra*, 80 Cal.App.4th at p. 466.) "[U]nusual circumstances are present where the matter presents an issue of first impression, the issue has been thoroughly briefed and our determination is purely one of law." (*Ibid.*) There, unlike here, the Board agreed with petitioner that the case was "appropriate for exercise of the court's discretion because it concerns an issue of first impression." (*Ibid.*) The Court of Appeal then exercised its discretion to consider the pure legal issue of the meaning of the term " 'unprofessional conduct.' " (*Ibid.*)

*Sela*, applying the long-standing holding in *Zabetian*, found the appellant failed to describe the required unusual circumstances or to explain why he proceeded by direct appeal instead of the expedited writ review. (*Sela*, *supra*, 237 Cal.App.4th at p. 231.) The Court of Appeal declined to exercise its discretion to treat the appeal as an extraordinary writ because the "plaintiff's conduct in proceeding with this appeal contrary to the requirements of [Business and Professions Code section 2337] requires a

8

more convincing explanation of his justification for proceeding as he did." (*Id.* at p. 232.)

Like the appellant in *Sela*, Cullen provided no explanation as to why he did not comply with Business and Professions Code section 2337 and file a petition for an extraordinary writ. Also, like *Sela*, we conclude no unusual circumstances would justify our exercise of jurisdiction in this case. We are not persuaded by Cullen's assertion that this Court should address the applicable standard of review in physician license disciplinary proceedings, and weigh in on any perceived disagreement between *Conservatorship of O.B.* (2020) 9 Cal.5th 989 (*O.B.*), *Li, supra*, 69 Cal.App.5th 836, and *Yazdi v. Dental Bd. of California* (2020) 57 Cal.App.5th 25 (*Yazdi*). A summary review of these cases is helpful.

In *O.B.*, the Supreme Court explained where a heightened level of proof is required, an appellate court must view the record sensitive to that standard. (*O.B., supra*, 9 Cal.5th at pp. 1000–1001 ["when the clear and convincing standard of proof applied in the trial court, an appellate court should review the record for sufficient evidence in a manner mindful of the elevated degree of certainty required by this standard"]; see also, *Li, supra*, 69 Cal.App.5th at p. 847 [" 'the superior court, in an administrative mandamus proceeding, must apply the "substantial evidence" rule in the same manner that that rule is applied by appellate courts in California in reviewing decisions of trial courts' "].) However, the appellate court should not reweigh the evidence; it should ask "whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true, . . . view[ing] the record in the light most favorable to the prevailing party below and giv[ing] appropriate deference to how the trier of fact may have evaluated the credibility of

9

witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence." (*O.B.*, at pp. 1011–1012.)

In *Yazdi,* the court explained it did not "read the *O.B.* decision as overturning the standard to be applied by the trial court in reviewing an administrative proceeding pursuant to a petition for writ of administrative mandate under Code of Civil Procedure section 1094.5." (*Yazdi, supra,* 57 Cal.App.5th at p. 33.) The *Yazdi* court reached that conclusion because *O.B.* reviewed an appeal from a probate proceeding, not an administrative mandate hearing. (*Ibid*.) This view led the Court of Appeal to conclude that established standards "call for the trial court to reweigh the evidence in its independent judgment." (*Id*. at pp. 33–34, italics omitted.)

While this Court has not discussed the standard of review in license disciplinary proceedings post-*Li*, we decline to do so here. This is because the trial court explained that it understood one line of authority articulated, for its review, an abuse of discretion standard where findings are not supported by substantial evidence, and another standard reflected a clear and convincing standard for the trial court's use. The court stated it "need not decide today whether [Cullen's argument in favor of *Li* and using a clear and convincing evidence standard] is a correct statement of the law" before rejecting Cullen's claims that the Board abused its discretion. The trial court concluded that Cullen had not demonstrated any prejudicial abuse of discretion. And the trial court further stated the Board "proceeded in the manner required by law, the decision was supported by the findings, and the ALJ's findings were supported by clear and convincing evidence in light of the whole record." In so stating the superior court adopted the higher standard of review. Because in this instance the standard of review is not an actual,

10

live issue, we decline to exercise our discretion to convert Cullen's direct appeal to a petition for extraordinary writ. We grant the Board's motion.

## DISPOSITION

Cullen's appeal is dismissed. The Board shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

RUBIN, J.

WE CONCUR:

DATO, Acting P. J.

KELETY, J.

11